HODGES v. THE IOWA BARB STEEL WIRE COMPANY.

Letter of Credit: CONSTRUCTION. Plaintiff was a banker, and held two notes for collection, executed by P. to defendant, and by it indorsed to other holders, who had sent them to plaintiff for collection. One of them came due July 6, 1885. In answer to a letter from P., defendant wrote him, July 14, 1885, as follows: "We do not know what notes you refer to, as we do not find any due just at present. We find one due July 6, that we discounted in the east, but, as we received no notice of non-payment, we presume it has been paid. We will, of course, assist you in taking care of any of the paper due us, and inclose a bank note for you to sign, and you may draw on us for the amount of the note, less eight per cent. for the time the note runs." *Held* that this letter did not authorize P. to draw on defendant for the note of July 6, 1885.

*Appeal from Marshall District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, MAY 13, 1890.

ACTION to recover upon a letter of credit signed by defendant, upon which the plaintiff discounted a bill of exchange drawn on defendant, pursuant to the letter of credit. The cause was tried to the court without a jury, and judgment was rendered for defendant. Plaintiff appeals.

*John V. Coon* and *J. H. Bradley*, for appellant.

*Binford & Snelling*, for appellee.

BECK, J.—I.   The following facts are established by the evidence :  The defendant, in response to a letter written to it, sent a letter dated July 14, 1885, to one Patterson, which is in this language :

" *Dear Sir :*—Your favor of the thirteenth inst. is at hand.   We do not know what notes you refer to, as we do not find any due just at present.   We find one due July 6, that we. discounted in the east, but, as we received no notice of non-payment, we presume it has been paid.   We will, of course, assist you in taking care of any of the paper due us, and inclose a bank note for you to sign, and you may draw on us for the amount of the note, less eight per cent. for the time the note runs.   Do not make the note to exceed five months' time.   Trusting this will prove satisfactory to you, we remain,                    Yours truly,

"IOWA BARB STEEL WIRE CO.
"By R. E. SEARS, President."

The letter written to Patterson is not in evidence, nor are its contents shown, further than may be inferred from the letter of credit.   Plaintiff was a banker, and held two notes for collection, executed by Patterson to defendant, and by it indorsed to other holders, who had sent them for collection to plaintiff.   The notes were in the aggregate for the sum of $756.96.   One of them was for $377.96, and became due July 6, 1885, and is the note referred to in the letter of credit. Patterson presented plaintiff the letter of credit, and a draft on defendant for the aggregate of the two notes, which plaintiff accepted in payment of the notes. Defendant refused to accept and pay the draft.

II.   The defendant insists that it was bound by the letter of credit to accept paper only for notes upon which it was liable, and that it is not liable on the notes paid by plaintiff by the draft, having indorsed the notes, and not having been made liable as an indorsee by due notice.   We need not determine this defense pleaded

by defendant. In our opinion, the decision of this case turns on another defense.

III. The defendant alleges in its answer that it never agreed to accept the draft, nor did it authorize Patterson to draw it. We think the evidence supports this defense. The letter of credit binds defendant "to take care of any paper due us." This expression means that defendant will provide for paper which is unpaid, or, as it interprets the expression, paper upon which it is liable. We need not determine which is the true construction of the expression. It surely means that the paper which has been paid is not covered by the language of the letter of credit. It seems to us that this language plainly excludes the note of July 6. It states that defendant presumes that it is paid; that it is past due, was discounted, and no notice of non-payment had been received. Surely, a business man would be authorized to presume that the note was paid, and that he, as indorser, was discharged therefrom. Patterson and plaintiff must have understood that this note of July 6 was excluded from the contemplation of the letter of credit. It speaks this language: " Paper due us we will protect, but the note of July 6 we presume is paid, for we have transferred it by indorsement, and it is past due, and we have heard nothing from it. We will accept no draft on account of this note." We are clear in the opinion that Patterson had no authority to draw on defendant for the note of July 6. We need not inquire as to the other note. The draft was unauthorized, for it was drawn for a purpose not contemplated by the letter of credit. We need not consider questions discussed by counsel which relate to rulings admitting evidence. Had the evidence been excluded, in the view we take of the case, the judgment could not have been different.                    AFFIRMED.